IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2020

## IN RE ZOEY L.

**Appeal from the Chancery Court for Hawkins County**
**No. 2018-AD-32    Douglas T. Jenkins, Chancellor**

_____

### No. E2019-01702-COA-R3-PT

_____

In this termination of parental rights case, we do not reach the substantive issues because the trial court's order is not compliant with the findings and conclusions requirements of Tennessee Code Annotated section 36-1-113(k); thus, this Court is unable to conduct its review.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Gerald T. Eidson, Rogersville, Tennessee, for the appellant, Chelsea H.[1]

Murry C. Groseclose, III, Kingsport, Tennessee, for the appellees, Natosha B. and Jamie B.

**OPINION**

The trial court terminated Appellant Chelsea H.'s ("Mother") parental rights to the minor child, Zoey L., by order of August 21, 2019. The trial court's order states:

> This cause seeking termination of parental rights of the above respondent was heard . . . on the 7th day of June, 2019. The Court made the following findings after reviewing the record and the testimony . . . .
> A. Petitioners did not prove willful failure to pay child support;

---

[1] In cases involving minor children, it is the policy of this Court to redact the parties' names so as to protect their identities.

B. However, petitioners did prove respondent willfully failed to exercise visitation with the child by clear and convincing evidence. Even though she at all times knew the address and telephone numbers of petitioners, she failed to call to talk to the child or to set up visitation with the child with the petitioners, nor did she file to enforce visitation if unfairly denied her. Therefore the Court finds that there are abandonment grounds for termination of the rights of respondent mother . . . .

C. Further the Court finds that termination of the parental rights of respondent is in the best interests of the child. The court weighed all the factors that are contained in T.C.A. Section 36-1-113 and found that petitioners proved by clear and convincing evidence that the following numbered factors from the statute favor termination of the parental rights of respondents, numbers 1, 3, 4, 5, 8 and 9.[2]

WHEREFORE, the Court ORDERS that the parental rights of [Appellant] to the child [Zoey L.] are terminated.

On appeal, Mother asserts that the trial court failed to make sufficient findings concerning the child's best interest. Accordingly, before we can review the trial court's termination of Mother's parental rights, we must first address the sufficiency of its order.

"It is well-settled that a trial court speaks through its written orders—not through oral statements contained in the transcripts—and that the appellate court reviews the trial

---

[2] The statutory factors referenced in the trial court's order are:

(1) Whether the parent or guardian has made such an adjustment of circumstance, conduct, or conditions as to make it safe and in the child's best interest to be in the home of the parent or guardian;

\*\*\*

(3) Whether the parent or guardian has maintained regular visitation or other contact with the child;
(4) Whether a meaningful relationship has otherwise been established between the parent or guardian and the child;
(5) The effect a change of caretakers and physical environment is likely to have on the child's emotional, psychological and medical condition;

\*\*\*

 (8) Whether the parent's or guardian's mental and/or emotional status would be detrimental to the child or prevent the parent or guardian from effectively providing safe and stable care and supervision for the child; or
(9) Whether the parent or guardian has paid child support . . . .

Tenn. Code Ann. § 36-1-113(i).

court's written orders." **Williams v. City of Burns**, 465 S.W.3d 96, 120 (Tenn. 2015) (citations and footnote omitted); **Anil Const., Inc. v. McCollum**, No. W2013-01447-COA-R3-CV, 2014 WL 3928726, at *8 (Tenn. Ct. App. Aug, 7, 2014) (declining to consider the trial court's oral statements where "the trial court below rendered an oral ruling at the conclusion of the trial [but] did not [] incorporate the oral ruling into its written order."). To enable appellate review, the trial court must make "specific findings of fact and conclusions of law" when entering an order in a termination of parental rights proceeding. *See* Tenn. Code Ann. § 36-1-113(k) ("The court shall enter an order that makes specific findings of fact and conclusions of law[.]"); *see also* Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."). *See* **In re Jaylah W.**, 486 S.W.3d 537, 546 (Tenn. Ct. App. 2015), *perm. app. denied* (Tenn. 2016) (noting that because of the gravity of the consequences of termination of parental rights proceedings, specific procedures must be followed).

This Court has previously held that, in termination cases, the "trial court's failure to comply with [Tennessee Code Annotated section] 36-1-113(k) affects more than the standard of appellate review. It affects the viability of the appeal." **In re G.N.S.**, No. W2006-01437-COA-R3-PT, 2006 WL 3626322, at *6 (Tenn. Ct. App. Dec. 13, 2006) (quoting **In re C.R.B.**, No. M2003-00345-COA-R3-JV, 2003 WL 22680911, at *4 (Tenn. Ct. App. Nov. 13, 2003)). "A trial court's failure to comply with [Tennessee Code Annotated Section] 36-1-113(k) fatally undermines the validity of a termination order." **In re S.M.**, 149 S.W.3d 632, 639 (Tenn. Ct. App. 2004). This Court cannot simply review the record de novo and determine for ourselves where the preponderance of the evidence lies. **State v. C.H.K.**, 154 S.W.3d 586, 591 (Tenn. Ct. App. 2004); *see also* **Adoption Place, Inc. v. Doe**, No. M2007-01214-COA-R3-PT, 2007 WL 4322014, at *6 (Tenn. Ct. App. Dec. 5, 2007). When a trial court has failed to comply with the requirements of Tennessee Code Annotated Section 36-1-113(k), this Court "must remand the case to the trial court for the entry of written findings of fact and conclusions of law." **In re B.L.R.**, No. W2004-02636-COA-R3-PT, 2005 WL 1842502, at *15 (Tenn. Ct. App. Aug. 4, 2005) (citing cases).

Tennessee appellate courts strictly construe Tennessee Code Annotated Section 36-1-113(k) and require meticulous compliance with its mandates. **In re M.E.I.**, No. E2004-02096-COA-R3-PT, 2005 WL 2346978, at *2-3 (Tenn. Ct. App. Sept. 26, 2005). We view the requirements regarding specific findings and conclusions "with great seriousness," not as a "trivial technicality." **White v. Moody**, 171 S.W.3d 187, at 191 (Tenn. Ct. App. 1994). The statutory requirement to prepare written findings of fact and conclusions of law also applies with equal force to both the grounds and the best interest components of parental termination cases. **In re J.D.C.**, 2008 WL 1899987, at *8.

As set out in context above, the trial court's order is insufficient because it is completely devoid of any findings concerning the child's best interest. Although the trial court's order references several of the statutory best interest factors, it does "not include any analysis of the factors . . . and their applicability to the facts of this case." ***In re B.L.R.***, 2005 WL 1842502, at \*16 (vacating the trial court's order terminating father's parental rights for lack of findings on child's best interest). In fact, here, the trial court's order fails to reference any of the facts or evidence presented in the case.

Despite the fact that the final order contains no analysis, the record includes a portion of the trial transcript, which the trial court purports to make its findings by signing same, to-wit:

> **The Court:** Court's adjourned.
>
> **(This ends the requested portion of the proceedings in this matter)**

*These are my findings & conclusions.*

*[signature]*

*Chancellor*

*6/18/19*

Tennessee Rule of Civil Procedure 58 governs entry of judgments. Orders and judgments are effective only if Rule 58 procedural requirements are met, to-wit:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:

(1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

As set out above, the trial court merely states that the section of the transcript includes its findings and conclusions and signs. Under Rule 58, the trial court's signature alone is insufficient to effectuate its order. None of the attorney's signed the transcript, and it does not contain a "certificate of the clerk that a copy has been served on all other parties or counsel." Rather, the foregoing page of the transcript is followed by a "certification" of the court reporter:

## Reporter's Certification

State of Tennessee

County of Sullivan

I, Cammie N. McDavid, LCR #681, Licensed Court Reporter for the State of Tennessee, do hereby certify that the above hearing was reported by me and that the foregoing _12_ pages of the transcript of the Court's Findings is a true and accurate record to the best of my knowledge, skills, and ability.

I further certify that I am not related to nor an employee of Counsel or any of the parties to the action, nor am I in any way financially interested in the outcome of this case.

I further certify that I am duly licensed by the Tennessee Board of Court Reporter as a Licensed Court Reporter as evidenced by the LCR number and expiration date following my name below.

In witness whereof, I have hereunto set my hand this the _10_ day of June 2019.

Cammie N. McDavid (TBCR #681)

Expiration Date 6/30/2019

Deborah Todd Court Reporting

P. O. Box 1296

Kingsport, TN 37662

13

This "certification" does not comport with the requirements of Rule 58; therefore, the portion of the transcript is not an effective order containing the trial court's findings. Furthermore, the trial court does not incorporate the foregoing portion of the transcript by reference in its August 21, 2019 order. Whether we may consider oral rulings in termination cases, even when incorporated by reference into written orders, has been a subject of some dispute in this Court. *Compare **In re K.J.G.***, No. E2015-00087-COA-R3-PT, 2016 WL 1203800, at *4 (Tenn. Ct. App. Mar. 28, 2016) (holding that the trial court made insufficient findings of fact where it made an oral ruling and attached the findings to its written order) (citing ***In re: Adoption of Muir***, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *3 (Tenn. Ct. App. Nov. 25, 2003) ("Because of Tenn. Code Ann. § 36-1-113(k), trial courts cannot follow the customary practice of making oral findings from the bench and later adopting them by reference in their final order.")), with (Swiney J., dissenting) (indicating that he would revisit the holding in ***Muir*** and instead hold that such findings are adequate when "sufficiently detailed").[3] In this case, however, the order contains neither a reference to nor an incorporation of the trial court's oral ruling. Nonetheless, we have read the portion of the transcript that purportedly contains the trial court's factual findings concerning the child's best interest. Even if we could consider the transcript to be the trial court's order (which we cannot based on the foregoing analysis), we conclude that the "findings" therein are merely conclusions of law without sufficient analysis or factual basis. "[W]e decline to conclude that mere legal conclusions fulfill the trial court's obligations or are sufficient to satisfy the directive of Tennessee Code Annotated Section 36-1-113(k)." ***In re Navada N.***, 498 S.W.3d 579, 594 (Tenn. Ct. App. 2016) (reversing, in part, the trial court's order terminating appellant's parental rights because "none of the trial court's oral factual findings appear in the trial court's written order as written or are incorporated by reference therein.").

Turning back to the trial court's August 21, 2019 order, which is the sole basis of our review, as noted above, it contains no analysis or factual basis for the trial court's legal conclusion that termination of Mother's parental rights is in the child's best interest. In short, the order wholly fails to comply with the requirements of Tennessee Code Annotated section 36-1-113(k). Accordingly, this Court "must remand the case to the trial court for the entry of written findings of fact and conclusions of law." ***In re B.L.R.***, 2005 WL 1842502, at *15.

---

[3] We strongly encourage litigants, attorneys, and trial courts to ensure that all of the trial court's relevant oral rulings and findings are included in written orders, especially in termination cases.

For the foregoing reasons, we vacate the trial court's order terminating Appellant's parental rights. The case is remanded for such further proceedings as may be necessary and are consistent with the opinion, including, but not limited to, entry of an order compliant with Tennessee Code Annotated section 36-1-113(k) and Tennessee Rule of Civil Procedure 52.01. Costs of the appeal are assessed to the Appellees, Natosha B. and Jamie B., for all of which execution may issue if necessary.

 

_____
KENNY ARMSTRONG, JUDGE